Charles T. Marshall, Esq, (SBN 176091)
Law Offices of Charles T. Marshall
415 Laurel St. #405
San Diego, CA. 92101
Tel: (619) 807-2628
Fax: (866) 575-7413
Email: cmarshall@marshallestatelaw.com

Attorney for: STEPHANIE MINA

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE MINA,

                Plaintiff,

vs.

WESTERN PROGRESSIVE, LLC, and
OCWEN LOAN SERVICING, LLC.

                Defendant(s).

Case No:

**PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, VIOLATION OF CALIFORNIA CIVIL CODE 2924.17, VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

**TO THE COURT AND ALL PARTIES HERETO AND THEIR COUNSEL:**

Plaintiff, STEPHANIE MINA (hereinafter "Plaintiff") sues WESTERN PROGRESSIVE, LLC (Hereinafter "WESTERN"), OCWEN LOAN SERVICING, LLC (Hereinafter "OCWEN") and DOES 1-10 for Breach of Contract, Violation of the Fair Credit Reporting Act, Violation of California Homeowner's Bill of Rights and Negligent Misrepresentation.

I.                    **PARTIES AND JURISDICTION**

Plaintiff, STEPHANIE MINA is a resident of Placer County, California. She owns and has equitable possession of the real property located at: 8160 Kensbrook Lane, Granite Bay, CA 95746. All acts complained of herein occurred within the territorial jurisdiction of this court lying in PLACER COUNTY, CALIFORNIA.

Defendant WESTERN is located at 30 Corporate Park, Suite 450, Irvine Ca., 92606. WESTERN is acting both as a ***purported*** trustee of Plaintiff's deed of trust; and as an individual/Corporation ***not*** clothed with trustee duties or protections and at all times relevant to this action has maintained such address. Western Progressive, LLC is a California Foreign Limited-Liability Company filed on December 19, 2008. The company's filing status is listed as Active and its File Number is 200835710284. The Registered Agent on file for this company is C T Corporation System (c0168406). The company's principal address is 2015 Vaughn Rd Bldg. 400 Kennesaw, GA 30144. The company has 3 principals on record. The principals are Kevin James Wilcox from Kennesaw GA, Robert Daniel Stiles from Kennesaw GA, and William Benjamin Shepro from Kennesaw GA.

Defendant OCWEN is located at 1661 Worthington Rd., #100, West Palm Beach, FL., 33409. And, at all times relevant to this action, is acting as a loan servicer (**NOT A BENEFICIARY**) and has been doing business under the laws of California and the laws of the United States. OCWEN's registered agent for service is: CORPORATION SERVICE COMPANY, 40 Technology Pkwy So., #300, Norcross, GA., 30092. OCWEN is governed in California by the California Department of Business Oversight.

## II.         JURISDICTION

Pursuant to 28 U.S.C. § 1331 – Federal Question, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Pursuant to 28 U.S.C. § 1332, the amount in controversy meets the federal standard.

The corpus of this Complaint is centered on federal questions, as contemplated by the Codes, *id*. Thus, Jurisdiction is proper in this court.

For any matters regarding State law applying to presumptions in this civil case, Plaintiff shall accordingly apply Fed. R. Evid. Rule 302 for which state law supplies the rule of decision.

## III.        VENUE

Pursuant to 28 U.S.C. § 1391, venue is proper in this court because a substantial part of the events giving rise to this Complaint occurred in this district.

## IV.        FACTUAL ALLEGATIONS

1.      Upon information and belief and by published statements made by Defendants, Plaintiff hereby alleges the following facts:

2.      Plaintiff alleges that her real property is being falsely encumbered by an unlawful lien, through the use of several void assignments of Plaintiff's deed of trust (See Plaintiff's **Exhibits 2-4** attached hereto and incorporated by reference), by a party known as: "ARLP TRUST 4" (Hereinafter "THE TRUST"), using a trustee known as: "CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, F.S.B., AS TRUSTEE".

3.      Defendants claim to be agents for the above "TRUST". Defendants have never shown proof of agency to Plaintiff. Defendants do not possess, and have never shown, reliable evidence that the TRUST paid valuable consideration for Plaintiff's debt obligation, as required

under Article 9, U.C.C.[1] Plaintiff alleges that no valuable consideration was paid by **any** party to Countrywide Home Loans, the *named* "Lender" in her deed of trust, for transfer or assignment of her loan obligation. Plaintiff does not admit that Countrywide Home Loans actually loaned her any money for the loan transaction.

4.     Plaintiff acknowledges that a valid debt arose as a matter of law because she received funding from an escrow, however, as alleged and as will be shown below herein; the Party or Parties that did provide the funding for the loan were not named or identified in Plaintiff's loan documents.

5.     Plaintiff alleges that **if** the "TRUST" is a *bona fide* beneficiary to her loan obligation (**Fed. R. Civ. P. Rule 8 (d)(2), Alternative Statement of Claim**), that the "*Step Transaction Doctrine*"[2] applies in this case wherein the series of transactions, those being: Plaintiff's loan contract, Master Repurchase Agreements, Pooling and Servicing Agreement (A tax motivated Trust governed under Internal Revenue Code) for the TRUST, and all related trust agreements thereto are treated as a single transaction under the Doctrine, *Id*.

6.     Upon the unlikely finding by this Court that the TRUST is a beneficiary to Plaintiff's obligation, Plaintiff alleges that she is an *intended party* to the contract transactions contemplated under Agreements in which a "Real Estate Investment Trust" ("REIT") trust, or similarly situated entity, is currently *claiming* ownership interest in the debt obligation. Plaintiff reserves her right to join the necessary Party upon discovery of the required Party as Trustee for the trust, *if* the TRUST lawfully and timely acquired rights to her contract. **FRCP Rule 18**.

---

[1] U.C.C. Sec. 1-302 (a)(b)(c); See Comments to U.C.C. Sec. 9-109;
[2] The step transaction doctrine originated from a common law principle in *Gregory v. Helvering*, 293 U.S. 465 (1935) that allowed the court to re-characterize a tax-motivated transaction where in related transactions are treated as one.

7.      Plaintiff alleges that the Trust Agreement executed by THE TRUST in this case, as a contract, is void and does not control as it relates solely to her debt obligation. Thus, Plaintiff alleges that Defendants are not agents for a valid beneficiary to her debt obligation. It is alleged as void because the TRUST never paid valuable consideration to a *bona fide* beneficiary of Plaintiff's loan contract, as will be shown herein.

8.      Plaintiff alleges that if this Court determines that THE TRUST is ***not*** a *bona fide* beneficiary to her debt obligation, that Defendants have no claim, right or title to her contract deed of trust, her monthly loan payments and her real property as purported agents for THE TRUST. See: Alternative Statements of Claim, Fed. R. Civ. P. Rule 8 (d) (2).

9.      Plaintiff alleges that a controversy exists as to whether or not the TRUST acquired any rights to her loan contract. Plaintiff alleges that her contract deed of trust, under Warranties and Covenants, mandates that she defend title against all others, including Defendants in this case who are claiming to be agents for the TRUST. (**See Plaintiff's Ex. 1**, Deed, BORROWER COVENANTS, Pg. 4, ¶ 2). Plaintiff alleges that Defendants are not *bona fide* agents for a valid beneficiary to her debt obligation; Defendants have acted as though they are entitled with rights under her loan contract. The controversy is ripe.

10.     Plaintiff alleges that Defendants willfully, negligently and with malice aforethought, filed, or caused to be filed, a series of documents (See below "**DOCUMENTS AT ISSUE**") known to be false at the time of the execution and filing of the instruments in the public record against Public Policy and against Plaintiff's interests. Defendants also negligently relied on documents that, although Defendants did not execute themselves, Defendants had a duty to validate the facts contained in the instruments as required by California law, *infra*.

11.     Defendants claim an interest that is adverse to Plaintiff's by either trespassing upon Plaintiff's contract deed of trust without such authority, or; materially breaching Plaintiff's purported contract and by failing to evidence, after notice by Plaintiff and request for such evidence, any document executed by the true beneficiary of the debt obligation, which authenticates Defendant's assertions that they are both acting as *bona fide* agents for an authenticated beneficiary to Plaintiff's debt obligation.

## V.     TITLE DOCUMENTS AT ISSUE

12.     Plaintiff re-alleges and incorporates by reference all paragraphs herein.

13.     The initial deed of trust attached hereto and incorporated by reference as **Exhibit 1**, is alleged as being an adhesion contract [3] and void by reason of lack of mutual assent, lack of capacity and lack of consideration of "Lender" party who drafted and executed the contract promissory note and deed of trust, and failure to disclose necessary parties to the contract. The *fictitious payee* "lender" named in the deed was COUNTRYWIDE HOME LOANS, INC. ("COUNTRYWIDE or Lender"). The deed was recorded on 03-14-2006 as instrument No. 2006-0027038 in the Placer County Recorder's Office.

14.     Plaintiff alleges that the "wiring instructions" to her escrow for this transaction have been purposefully lost or destroyed by Defendants and/or their predecessors-in-interest. Plaintiff has been denied access by Placer Title Co., the original title company that closed the escrow because the wiring instructions were not included in her closing documents. Plaintiff is entitled to these records as they are part of the contract and Defendants have a duty to produce

---

[3] An adhesion contract is a contract presented to a weaker party on a "take it or leave it" basis. *Steven v. Fidelity & Cas. Co.,* 58 Cal.2d 862, 882 (1962); *Graham v. Scissor-Tail, Inc.,* 28 Cal.3d 807, 818 (1981); *Fischer v. First International Bank,* 109 Cal.App.4th 1433, 1445-1446 (2003) ("standardized deeds of trust are contracts of adhesion"); *Kirk v. Source One Mortgage Services Corp.,* 46 Cal.App.4th 483, 491 (1996).

these records as evidence of consideration and disclosure of the parties that provided such consideration at close of escrow.

15.    Plaintiff alleges that the wiring instructions to her escrow confirm that the money that was wired into her escrow came from an unknown source as a group of investors and that COUNTRYWIDE did not act as a lender and did not fund her transaction. Plaintiff alleges that COUNTRYWIDE was a *fictitious payee* and never had a valid entitlement right to payment of her loan obligation. Plaintiff was entitled to full disclosure as to who had a security interest in her loan prior to closing, including third party off-record transactions. Plaintiff alleges that her loan transaction has never closed due to failure of delivery of perfected title. MERS was not disclosed in Borrower's Instructions to escrow as an encumbrancer and acted as an encumbrancer subsequent to the escrow's failed delivery.

16.    Plaintiff alleges that her original *named* "lender" in her deed of trust, COUNTRYWIDE, was dissolved and ceased to exist in October, 2009, when COUNTRYWIDE was dissolved and its remaining banking deposits and loan **servicing rights** were acquired by Bank of America[4]. Plaintiff alleges that her loan obligation was not acquired by Bank of America as a **beneficiary entitled to her monthly payments** as a result of the acquisition.

17.    Plaintiff alleges that "MERS" acted as an agent **solely** for COUNTRYWIDE in her loan documents. Plaintiff alleges that the "MERS" agency memorialized in her contract with COUNTRYWIDE was also dissolved upon its principal's dissolution in 2009 by operation of law.

---

[4] "On April 27, 2009, Countrywide, America's Wholesale Lender will further align with Bank of America's Mortgage, Home Equity & Insurance Services group. At that time Wholesale Lending clients will see a change from the Countrywide brand to a new Bank of America brand. Additionally, on the same day, it is anticipated that Countrywide Bank, FSB will be fully merged with Bank of America, N.A." **Wall St. Journal, 2009.**

18.    Plaintiff alleges that Defendants are claiming to be agents for an unverified beneficiary of her debt obligation, identified herein as THE TRUST.

19.    Plaintiff alleges that Defendants are not valid agents of the beneficiary TRUST because the TRUST never acquired beneficial interest in her debt obligation by operation of Federal law and under California state law.

20.    Plaintiff alleges, specifically under **Fed. R. Civ. P. Rule 9 (c), Conditions Precedent**, that "Altisource Residential, L.P." ("ARLP") is wholly owned and substantially operated by Altisource Residential Corporation, a Maryland corporation formed in 2012. Altisource Residential Corporation ("ARC") conducts its business through ARLP.

21.    Plaintiff alleges that ARC admits in its "Final Prospectus" (filed pursuant to S.E.C. Rule 424 (b)(1), Registration No's. 333-187318 and 333-188143) at page one (1), paragraph one (1): *We currently intend to acquire single-family rental properties primarily through the acquisition of sub-performing and non-performing loan portfolios.* **_We conduct substantially all of our activities through our wholly owned subsidiary Altisource Residential, L.P., a Delaware limited partnership, which we refer to as our "operating partnership."_** [Emph. added] (See Plaintiff's **Exhibit 5** attached hereto and incorporated by reference).

22.    Plaintiff alleges that ARC, through its subsidiary, ARLP, structured an entity called "ARLP4 TRUST" through a Delaware Master Repurchasing Agreement. Plaintiff alleges that the ARLP4 Trust created by ARC is the same TRUST that is claiming beneficial ownership of her loan obligation through the filing of an Assignment of Deed of Trust (See Plaintiff's **Exhibit 4** attached hereto and incorporated by reference). Plaintiff alleges that ARLP4 TRUST

did not acquire, and could not have acquired, beneficial interest in her debt obligation as a result of two critical factors:

    a.  ARC published its Prospectus for the purposes of selling securities related to ARC's acquisition of residential mortgage monthly payment streams. On pg. 3 through pg. 4 (See Plaintiff's Exhibit 5, pg. 2 "Excerpts") the Prospectus publishes the following facts: "*Second, **by purchasing residential mortgage loans rather than the underlying property**, sellers of the loans will be able to avoid paying the costs typically associated with home sales, such as broker commissions and closing costs of up to 10% of gross proceeds of the sale.*" [Emph. added]

    b.  The assignment of deed upon which Defendant OCWEN relies for its purported authority was executed on May 12th, 2014 by "Jason R. Berkeley" who apparently operated under a power-of-attorney for OCWEN LOAN SERVICING, LLC as attorney-in-fact for Bank of America, N.A., who had never acquired beneficial interest in Plaintiff's loan.

    23.  Two published admissions are evident above. First, that ARC, through its subsidiary ARLP4 TRUST, did not purchase any beneficial, or property interest in Plaintiff's debt obligation and real property, rather, at best, they attempted to assign the interest in the deed alone, but specifically did not purchase for value Plaintiff's debt obligation *as a beneficiary*. Thus, Defendant OCWEN does not act as an agent for a valid beneficiary to Plaintiff's loan contract, and never has had such a relationship. Second admission by Defendant OCWEN is that it executed and published in the Placer County Recorder's Office a *forged* instrument by knowingly and intentionally publishing an assignment of deed that it knew to be false and that

Plaintiff and others in the public relied upon as accurate, such as the Recorder's Office itself publishing the instrument.

24.     Plaintiff alleges that the Statute of Frauds states that any interest in real property must be by "writing" and that no interest in the real property transfers without the specific "writing" identifying the property, parties and consideration given and accepted being executed.

25.     Plaintiff alleges that the only writing that is in any public record of a *purported* transfer of interest in her real property are the three (3) assignments of deed of trust (See **Exhibits 2-4**).

26.     Plaintiff's deed of trust names COUNTRYWIDE as the Lender (**See Exhibit 1**) and the only party entitled to payment. The deed names MERS as "*a separate corporation that is acting solely as a nominee for Lender*". Thus, MERS is **not** the beneficiary of the deed because it is **not** entitled to payment; it is acting solely as a nominee for the principal *fictitious payee* Lender, COUNTRYWIDE.

27.     COUNTRYWIDE ceased to exist and was dissolved in 2009, by acquisition. Thus, in 2009, MERS ceased to have an agency relationship with COUNTRYWIDE by operation of agency law in California.

28.     Plaintiff alleges that MERS lacked any authority to execute an assignment of her deed on April 13th, 2011 (See **Exhibit 2** attached hereto and incorporated by reference) because MERS had no principal under whom it could act. COUNTRYWIDE was dissolved in 2009 and with it, so dissolved MERS' agency relationship.

29.     Plaintiff further alleges that the assignment in April, 2011 here purports to transfer beneficial interest in Plaintiff's debt obligation to BAC Home Loan Servicing. Plaintiff alleges that the assignment of deed (Plaintiff's Exhibit 2) executed by MERS attempting to

assign beneficial interest in her obligation is *void*. California Agency law imposes a judicial estoppel by operation of law against the act of the assignment at issue.

30.    A second assignment instrument attached hereto and incorporated by reference as **Exhibit 3** was executed on October 6th, 2011 by "T. Sevillano" as Assistant Secretary of MERS. Two fatal facts are evident in this instrument. Plaintiff alleges that MERS had no agency relationship with Plaintiff's Lender because COUNTRYWIDE was dissolved in 2009, which is two years prior to this instrument's execution date. Secondly, Plaintiff alleges that MERS had no interest in her payments as admitted within the Deed of Trust as a contract, wherein it clearly states that the Lender was COUNTRYWIDE, not MERS, thus, MERS was acting solely as a nominee for the lender named. MERS had no interest it could assign to any party, including Bank of America, N.A., because its agency had been dissolved when its principal ceased to exist, COUNTRYWIDE, in 2009.

31.    Plaintiff alleges that COUNTRYWIDE had not transferred, assigned, or sold, any of its *beneficial interest* in Plaintiff's loan to any party prior to the two "assignment" instruments executed in 2011.

32.    Plaintiff alleges that the final assignment or transfer of interest in her debt obligation to the ARLP4 TRUST is void. Plaintiff has searched the records of the Placer County Recorder's Office and there is no record of any other transfers or assignments other than what has been exhibited by Plaintiff herein. Plaintiff alleges that no previous assignment, transfer, paid consideration or acceptance of her note and deed has occurred.

33.    Plaintiff alleges that any and all recorded instruments, including substitutions of trustee, notice of default and notice of trustee sale are void because their purported authority flows from the void assignment instruments as fully examined above.

34.    Plaintiff alleges that on May 15th, 2015, she sent written notice, through her counsel, Charles T. Marshall, of false credit reporting to Defendants and to all three (3) credit reporting agencies, Equifax, Experian and TransUnion. Same Notice is attached hereto and incorporated by reference as **Exhibit 6**.

35.    Plaintiff alleges that within her written notice that she identified her rights to disclosures under Cal. Civ. Code §§ **2924.17(a), 2924.17(b), 2943(a)(1), (2)(A) [Beneficiary Statement], 2943(b)(1) and FCRA §1681 et. seq. [Fair Credit Reporting Act].** Plaintiff alleges that Defendants had a duty to provide Plaintiff: "*… the mortgage servicer will ensure that the document is accurate and complete and supported by competent and reliable evidence.*" **2924.17(a),** "*the mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrowers default and the right to foreclose.*" **2924.17(b), "***A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement.*" **Civil Code § 2943(b)(1),** and; Defendants had a duty to reinvestigate its records and report those findings back to Plaintiff and to the three (3) credit reporting agencies within 21 days.

36.    Plaintiff alleges that at least one of the Credit Reporting Agencies responded back to her, evidencing that Defendant's duties to reinvestigate and reply to Plaintiff had been effected by CRA Experian. By operation of the Fair Credit Reporting Act ("FCRA"), a duty arose against Defendants to provide Plaintiff with certain facts and authentications. See **Exhibit 7** attached hereto and incorporated by reference.

37.    Plaintiff alleges that Defendants did not perform any of the above described duties. Plaintiff alleges that because of Defendant's acts and omissions that she has been harmed and prejudiced. Plaintiff alleges that only a *bona fide* creditor or creditor's agent may report her personal identifying information to the CRA's and that Defendant OCWEN is not a *bona fide* creditor or agent for a creditor by definition under FCRA. Plaintiff alleges that OCWEN has been reporting her personal identifying information to the CRA's unlawfully and without her permission.

38.    As a direct and proximate result of Defendants acts and omissions, Plaintiff's loan obligation has been accelerated by an unlawful means, forcing her to pay the entirety of her debt at one time. Her credit has been damaged along with her ability to seek alternative financing. Her loan obligation has not been verified as to whom the payments are actually due and what exact amounts are due, thus exposing her to duplicative payments. She is at immediate risk of losing her property to a party that has no interest in her loan contract. She has suffered emotional damages due to constant worry about whether or not the wrong party is going to sell her only home. She cannot negotiate her contract with a party that has been authenticated as the lawful beneficiary to her debt obligation.

39.    Plaintiff alleges that she is not seeking a "free house", or free rent by way of non-payment of an outstanding obligation. Plaintiff alleges, however, that she does not owe any money to any of the Defendants or their principals.

40.    Plaintiff seeks a determination that Defendants are not lawfully entitled to her monthly payments. Plaintiff seeks redress for damages caused by Defendants against her contract and her person. Discovery will show that she has been paying into the same loan for years to a *fictitious payee* and that those payments have gone to the wrong party the entire time.

## VI.    FACTUAL CONTRACT BACKGROUND

41.    Plaintiff was subjected to consumer financial transactions that did not allow for a satisfaction of the debt to the real party entitled to such a satisfaction *ab initio*. Thus, the finance contracts/quasi-contracts have never been in favor of the proper party **named** as the "Lender" and any and all documents that rely on the notes and deeds/mortgages flow from a poisonous tree and lack equitable and legal authority. The unknown party, as the true beneficiary of the obligation, never contracted with Plaintiff.  This is a **botched** Article 9 (U.C.C.) transaction by definition.

42.    Plaintiff alleges that the written contract is void for lack of consideration paid by a named party to the contract and lack of full disclosure of all parties to the loan, however, while denying the validity of the contract, and hence any authority for Defendants to enforce terms of the void contract, Plaintiff must plead in the alternative (FRCP Rule 8(d)(2)) as follows:

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

43.    Plaintiff re-alleges and incorporates by reference all paragraphs herein.

44.    Plaintiff's deed of trust, and the note it supports, are considered an adhesion contract in California. All relevant documents used in consideration of the contract are also considered as functional parts of that contract. Defendants WESTERN and OCWEN claim to be a contract party under Plaintiff's contract deed of trust. Plaintiff alleges that they are not parties to her contract. However, in the alternative, Plaintiff alleges as follows.

45.   Plaintiff alleges those Defendants, and or their agents, elected to record, or caused to be recorded, a Notice of Default ("NOD") against Plaintiff's interest in her property (See **Exhibit 8** attached hereto and incorporated by reference). Plaintiff alleges that competent and reliable evidence to support all facts contained within such instrument is required of Defendants.

46.   Plaintiff alleges that Defendant OCWEN directed Defendant WESTERN to rely upon the NOD executed on October 6th, 2011. Plaintiff alleges that this execution and recordation was not directed by a valid beneficiary, or by any party. Plaintiff alleges that OCWEN acted outside the authority of a valid beneficiary to Plaintiff's contract by its act of failing to authenticate or verify all facts contained within the NOD instrument.

47.   Plaintiff alleges that *if* Defendants are *bona fide* agents for a valid beneficiary, those Defendants had a duty to execute, verify and record such an instrument strictly **at the sole direction of a valid beneficiary.** Plaintiff alleges that no valid beneficiary gave such a written direction. This is a material breach of Plaintiff's contract wherein only the Lender or its assigns may grant such a power or duty.

48.   Plaintiff alleges that she requested information from Defendants that would confirm that a "written Declaration of Default and Demand for Sale" from the beneficiary had been received by Defendants. Plaintiff alleges that Defendants ignored the notice request and did not send such verification to Plaintiff (**See Plaintiff's Ex. 6**-Notice).

49.   Plaintiff alleges that Defendants also materially breached, or relied on a material breach of, her contract by failing to grant 30 days' notice, prior to the acceleration (NOD), of Plaintiff's right to assert the non-existence of a default (See: Plaintiff's exhibit 1, sec. 22, Deed of Trust). (Reason for non-performance by Plaintiff… Defendant First Material breach). Plaintiff

re-alleges that no default, as described in the NOD, was present at the time of the execution of the NOD.

50.     Plaintiff alleges that Defendants do not have privity, interest, right or title to her contract. As such, Defendants have trespassed upon her contract by unlawfully accelerating her debt obligation without authority to do so. (**FRCP Rule 8 (d)(2)**).

51.     Plaintiff alleges that she, and members of the public, detrimentally relied on the NOD. Plaintiff also alleges that as a direct and proximate result of Defendant's acts, omissions and false statements made in the false instrument (NOD), that her ability to obtain credit and/or to maintain credit has been damaged by Defendants and that her loan was prematurely accelerated, thus requiring a full pay-off, as described in the NOD. (Damages caused by Defendants). Innocent members of the public (PUBLIC POLICY) have also detrimentally relied upon these false instruments as they have been recorded permanently. Plaintiff was damaged in that her contract is being trespassed upon by a stranger to title, she cannot negotiate with the true beneficiary and she is subject to duplicative payments to a non-contract party.

52.     Plaintiff alleges that at sec. 22 of Plaintiff's deed of trust, it states that the party who executes a Notice of Default has a duty first to notice borrower of her right to "an action to assert the non-existence of a default". This notice is a contractual provision and must be afforded to borrower thirty (30) days prior to the acceleration and notice of default (**See Exhibit 1**).

53.     Plaintiff alleges that no thirty (30) day notice was given to Plaintiff and that Defendants did not timely, or ever, send a notice to Plaintiff of a right to an action as described in ¶52. Plaintiff is exercising her contractual right to assert the non-existence of the default described and defined in the false instrument.

54.     Plaintiff alleges that the material breach by Defendant(s), described in ¶53, entitles Plaintiff to relief from any action arising from such a breach, judicial or non-judicial.

55.     Plaintiff alleges that this breach also violates Plaintiff's rights under Cal. Civ. Code §2924 by falsely invoking the statute. Defendants are first bound to abide by the contract rights of Plaintiff prior to invoking the statute. Defendants did not strictly comply with Plaintiff's contract rights and were therefore, as a condition precedent, prohibited from invoking the non-judicial foreclosure statute in California, *id*. See: Doctrine of First Material Breach.

56.     Plaintiff alleges that she has been damaged in an amount no less than $500,000.00. Plaintiff alleges that Defendants had a duty to not materially breach the contract and requests relief through monetary damages and by rescinding the false instrument. Plaintiff asks for leave to amend this action if necessary.

## SECOND CAUSE OF ACTION: VIOLATION OF THE FAIR CREDIT REPORTING ACT (AGAINST OCWEN EXCLUSIVELY)

57.     Plaintiff reaffirms and re-alleges all paragraphs herein as if set forth fully below.

58.     Pursuant to 15 USC §1681 (s) (2) (b), Plaintiff is entitled to maintain a private cause of action against Defendant OCWEN for an award of damages in an amount to be proven at the time of trial for all violations of the Fair Credit Reporting Act ("FCRA") which caused actual damages to Plaintiff, including emotional distress and humiliation.

59.     Plaintiff is entitled to recover damages from Defendants for negligent non-compliance with the Fair Credit Reporting Act pursuant to 15 USC§1681 (n) (a) (2) in an amount to be proven at the time of trial. Defendant OCWEN is a provider of information as contemplated by 15 USC §1681 et. seq. and, as such, is subject to its governance.

60.     Plaintiff alleges that notice was mailed to all three (3) credit reporting agencies identifying Defendant OCWEN as a party that received a demand for verification and challenge by Plaintiff as to false reporting by Defendant OCWEN.

61.     Plaintiff alleges that she has received written correspondence back from credit reporting agency Experian, but not from Defendants. Plaintiff sent written notice and demand for verification to Defendants and to all three (3) CRA's and never received any response from Defendant OCWEN within the 21 days under the Act. (**See Exhibit 7**).

62.     Under section 611(a) of the FCRA, 15 U.S.C. § 1681I(a) (1982), and 15 U.S.C. § 1681s-2, Defendant OCWEN had a duty to conduct a reasonable investigation of information on a consumer's credit contract when put on notice by the consumer that false information was being used in recorded instruments and upon notice from the CRA's. Plaintiff asserts that by operation of FCRA, OCWEN was sent notice of duty to reinvestigate by the CRA's as a matter of course.

63.     Plaintiff alleges that Defendants breached said duty under the statute, *id*., and elected to ignore Plaintiff's warning about the false information being reported by Defendant because the Defendant receives payments from a third party  to execute this, and tens of thousands identical to, false instrument.   Once put on notice by Plaintiff and the CRA's, Defendant OCWEN speciously ignored their equal statutory duty to Plaintiff to further its own economic interests at the peril and expense of Plaintiff.

64.     Plaintiff alleges that Defendant OCWEN is not an agent for a *bona fide* beneficiary of Plaintiff's debt obligation and as such, is prohibited from reporting to the credit reporting agencies any information about Plaintiff's debt obligation. Plaintiff alleges that

Defendant OCWEN has reported information to all three (3) CRA's using her personal identifying information without authority.

65.     Plaintiff has been harmed as a direct and proximate result of Defendant's disregard for her contract rights in an amount to be determined at trial. These damages consist of emotional, financial, contractual and her ability to maintain or acquire reasonable credit through a standardized credit score, as reported by the three major credit reporting agencies ("CRA's").

66.     Plaintiff is entitled to relief, damages and reasonable attorney's fees under FCRA. Plaintiff requests leave of court to amend this action upon further discovery.

**THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS CALIFORNIA CIVIL CODE § 2924.17**

67.     Plaintiff reaffirms and re-alleges all paragraphs herein as if set forth fully below.

68.     In 2012, the California Legislature injected themselves into the non-judicial foreclosure scheme and made thirty-two (32) changes to what was commonly labeled as a "comprehensive and exhaustive framework" under California Civil Code § 2924 et. seq. See, Senate Analysis; June 27, 2012.

69.     Plaintiff maintains a private right of action under California Civil Code § 2924.12.

70.     Defendants are both governed under the Code, *id*.

71.     Assignees of the original debt obligation and the security instrument are necessarily required to provide the borrower with a competent foundation that the note and deed were lawfully sold, transferred and accepted by the assignee. This is California public policy since 2013. See: California Homeowner's Bill of Rights.

72.     All assignments and all recorded instruments must contain ***truthful*** statements and facts that are either authenticated or verified by a person with personal first-hand knowledge,

or the instrument is void. See: *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice...whether valid or invalid...if invalid instruments are recorded, no notice is given."

73.     Substantial *competent and reliable* evidence must be offered upon a challenge by the borrower to support the recitals contained within all instruments that affect their title. The Plaintiff has invoked such a right under the statute and her deed of trust contract wherein it states that the borrower has a duty to defend title against all others. See: Deed of Trust Exhibit, Covenants.

74.     Pursuant to the HBOR, Plaintiff, as borrower, has invoked the limitations contained within Civ. Code § 2924(a)(6) to ensure the Defendant parties' actions are lawful. The code, id., reads as follows:

A)     "*No entity shall record or cause a notice of default to be recorded ...unless it is:*

B)     *-  the holder of the beneficial interest under the mortgage or deed of trust,*

C)     *-   the original trustee or the substituted trustee under the deed of trust, or*

D)     *-   the designated agent of the holder of the beneficial interest.*

E)     *No agent of the holder of the beneficial interest ...may record a notice of default ... <u>except when acting within the scope of authority designated by the holder of the beneficial interest</u>* (Emph. mine).

75.     The California Legislature in Civil Code § 2924.17 lifted directly from the National Mortgage Settlement Consent Judgments the following provisions:

76.     "*Servicer shall ensure that factual assertions made in ... notices of default, notices of sale and similar notices submitted by or on behalf of Servicer in non-judicial foreclosures are accurate and complete and are supported by <u>**competent and reliable evidence**</u>. Before a loan is*

*referred to non-judicial foreclosure [recording of Notice of Default], Servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information*." (Emph. added).

77. Under Civil Code § 2924.17(a) "*every significant document recorded within the non-judicial foreclosure system the mortgage servicer will ensure that the document is accurate and complete and supported by competent and reliable evidence*." Under Civil Code § 2924.17(b) "*the mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrowers default and the right to foreclose*."

78. Plaintiff alleges that Defendants have violated the HBOR by failing to ensure that documents (NOD and all Assignments of Deed) were complete and supported by admissible, reliable evidence by persons with personal first-hand knowledge of the facts contained within. Defendants failed to produce evidence, upon request by the borrower, that a *bona fide* beneficiary has directed the trustee to execute the acceleration of debt and that the *bona fide*, authenticated beneficiary has executed and delivered a written "Declaration of Default and Demand for Sale", as stated in the NOD.

79. Defendants also failed to produce competent and reliable evidence, upon request by Plaintiff that all assignments of the deed of trust were executed by valid parties and that valuable consideration was paid for each "grant" of interest (assignment) in the debt obligation.

80. All documents executed and recorded by Defendants are subject to hearing under **Fed R. Evid. Rule 201 (e)**.

81. Plaintiff states as a fact that she repudiates and refutes the validity, truthfulness and accuracy of all statements made by Defendants within the four corners of all instruments herein (**Exhibits 2, 3, 4 and 8**).

82.     Plaintiff alleges that Defendants have made false and misleading statements within all documents exhibited by Plaintiff (**Exhibits 2, 3, 4 and 8**). The falsity of those statements is elucidated above in Plaintiff's opening statement of facts.

83.     Plaintiff alleges that all assignments of deed of trust are void and that no assignment, negotiation or transfer, to the purported assignee in the assignment of deed, of the underlying note and debt obligation was ever accomplished by any other means.

84.     Plaintiff is entitled to relief from the false statements made within the instruments under the California Homeowner's Bill of Rights. **Cal. Civ. Code § 2924.17**.

85.     Plaintiff has been damaged as a result of Defendant's failure to comply with HBOR in that her credit has been annihilated, she has suffered emotional distress and humiliation, her property is subject to unlawful sale and he cannot sell or otherwise dispose of her real property due to the actions of Defendants. Monetary demands are being made upon Plaintiff by Defendants who have refused to follow the law under the Code, *id*.

86.     Plaintiff alleges that Defendant OCWEN directed Defendant WESTERN to rely upon the NOD without contractual or statutory authority. Defendant OCWEN substantially relied upon several assignments of deed without verifying the veracity or truthfulness of the statements and parties contained within the instrument. Plaintiff requested proof of compliance with HBOR and was summarily denied, thereby creating an admission by silence. Estoppel by silence applies in this case as Defendants had a duty to speak and elected to remain silent.

87.     Plaintiff asks for not less than immediate rescission of all instruments exhibited herein (**Exhibits 2, 3, 4 and 8**) and all instruments that relied on the Exhibited instruments. Plaintiff shall quantify monetary, punitive and exemplary damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION**

88.    Plaintiff incorporates by reference and includes paragraphs 1-87 as if fully stated herein against both Defendants and DOES.

89.    "Negligent Misrepresentation may be actionable and inflict only economic loss." Citing Restatement (2nd) of Torts §§ 552 and 552 (l) entitled Information Negligently Supplied for the Guidance of Others, provides:

> A)    *"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."*

90.    Defendants are responsible for the false representations, known to be false by Defendants that lead to the unlawful acceleration of debt instrument securing Plaintiff's real property by use of false and omitted information contained within recorded instruments.

91.    Specifically, Plaintiff has alleged the deed of trust as being void and never delivered to any party for failure to perform conditions precedent by not naming MERS as an encumbrancer of record in the closing documents offered to Plaintiff by Defendant's predecessors in interest, COUNTRYWIDE.

92.    Defendants then made false statements that are admitted (by silence where Defendants had a duty to speak)  as being false and executed by persons without personal, first-hand knowledge of the facts contained within the instruments at issue here, specifically Plaintiff's Exhibit 1, 3, 4 and 8.

93. Defendants intended for Plaintiff and the general public to rely on the recorded instruments and notices filed and executed by Defendants.

94. Defendants executed and published the instruments without lawful authority.

95. Plaintiff was harmed by the unauthorized acceleration of her debt and by her making of all payments to *fictitious payees*. Defendants were unjustly enriched by accepting payments from Plaintiff. Defendants were unjustly enriched by garnering profits, property and fees from Plaintiff to the detriment of Plaintiff. Plaintiff has suffered legal costs incurred due to Defendants' acts and omissions, loss of wages from personal time spent defending her real property under her contractual duties and emotional distress and humiliation.

96. Plaintiff's justifiable reliance on Defendants' predicate acts or material representations and omissions was a substantial factor in causing the harms herein. Public records are considered as sacred and Defendants bear the burden of proof over real property records sanctity.

97. Plaintiff seeks all manner of equitable relief and damages allowed by law, attorney's fees and costs of suit incurred by Plaintiff occasioned by the above conduct.

**WHEREFORE, PLAINTIFF PRAYS** this court finds:

1. Plaintiff's contract deed of trust is void for lack of consideration by the named Lender, COUNTRYWIDE, for failure to disclose necessary parties to the contract and for failure to consummate the transaction by failure to follow borrower's closing instructions strictly;

2. The Court find Plaintiff is entitled to relief for Trespass of Contract by Defendants. This Court is requested to Order that Defendants are precluded from executing instruments against Plaintiff's interests in her loan contract and to Order

that Defendants rescind all Assignments of Deed of Trust, rescind the Notice of Default and to Cease and Desist from any act in furtherance of interests in Plaintiff's loan contract;

3.     This Court find that Defendants are in violation of California Civil Code §§ 2924.17, 2923.55, 2943 et. seq. and this Court Order that an Injunction issues with an Order to Show Cause why Defendants should not be enjoined from any act in furtherance of their purported interests in Plaintiff's contract;

4.     Plaintiff is entitled to relief for Negligent Misrepresentation in the amount of $226,000.00 for payments made to a fictitious payee and for Defendant's unlawful collection of fees from Plaintiff for no less than three (3) years;

5.     Plaintiff is entitled to Exemplary and Punitive Damages in the amount of $500,000.00 for emotional distress, humiliation, loss of peaceful enjoyment of her property and further damages in an amount sufficient to deter Defendants from such further acts against others similarly situated;

6.     Defendants are Ordered to pay Plaintiff's cost of suit, attorney fees and any and all other relief this Court deems justiciable.

Respectfully Submitted,                              Charles T. Marshall, Esq.

Date: July 6, 2015                                     /s/ Charles T. Marshall
                                                        Attorney for Plaintiff,
                                                        STEPHANIE MINA

## **<u>VERIFICATION</u>**

I, STEPHANIE MINA, declare as follows:

I am the Plaintiff in this action, and I hereby declare I have read the foregoing Verified Complaint and know the contents thereof and believe that the matters stated therein are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I hereby declare under the penalty of perjury, that the foregoing is true and correct

This verification was executed this 6th day of July 2015 in the City of Granite Bay, California.

/s/ STEPHANIE MINA_____
STEPHANIE MINA
