ERIC D. HOUSER (SBN 130079)
JOHN P. WARD (SBN 274895)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
Email: jward@houser-law.com

Attorneys for Defendant,
Western Progressive Trustee, LLC dba Western Progressive, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| STEPHANIE MINA, | ) Case No.: 2:15-cv-01440-JAM-EFB |
|---|---|
| Plaintiff, | ) Hon. John A. Mendez |
| vs. | ) **WESTERN PROGRESSIVE TRUSTEE,** |
| WESTERN PROGRESSIVE, LLC, and OCWEN LOAN SERVICING, LLC. | ) **LLC DBA WESTERN PROGRESSIVE,** ) **LLC'S ANSWER TO COMPLAINT** |
| Defendant(s). | ) |
| | ) Complaint Filed: July 6, 2015 |
| | ) Trial Date: None Set |

Defendant Western Progressive Trustee, LLC dba Western Progressive, LLC ("Defendant"), hereby answers the complaint of plaintiff Stephanie Mina ("Plaintiff") as follows:

**I.**

**PARTIES AND JURISDICTION**

Answering the unnumbered paragraphs under the heading "Parties and Jurisdiction," Defendant states it is the substituted trustee under the subject deed of trust with all attendant duties and privileges. Defendant denies that it is a "purported trustee…not clothed with trustee duties or protections." Answering the remaining unnumbered paragraphs under the heading "Parties and Jurisdiction," specifically alleged against Defendant, Defendant states the

**ANSWER**
1

1 allegations refer to matters of public record to which no response is required because the public
2 record speaks for itself. To the extent a response is required, Defendant denies the allegations to
3 the extent they do not accurately represent the public record.  Defendant denies all specific
4 allegations against it in the unnumbered paragraphs under the heading "Parties and Jurisdiction,"
5 that are not expressly admitted.

6      Answering the remaining allegations under the heading "Parties and Jurisdiction,"
7 Defendant states that it is without sufficient knowledge to form a belief as to the truth of the
8 remaining allegations.  To the extent an answer is deemed to be required, Defendant denies the
9 allegations.

10 **II.**
11 **JURISDICTION**

12      Answering the unnumbered paragraphs under the heading "Jurisdiction," Defendant
13 states that it is without sufficient knowledge to form a belief as to the truth of the allegations.
14 To the extent an answer is deemed to be required, Defendant denies the allegations.

15 **III.**
16 **VENUE**

17      Answering the unnumbered paragraph under the heading "Venue," Defendant states that
18 it is without sufficient knowledge to form a belief as to the truth of the allegations.  To the extent
19 an answer is deemed to be required, Defendant denies the allegations.

20 **IV.**
21 **FACTUAL ALLEGATIONS**

22      Answering Paragraphs 1 through 11 under the heading "Factual Allegations," Defendant
23 states that it is without sufficient knowledge to form a belief as to the truth of the allegations.
24 Defendant further states the aforementioned paragraphs contain legal conclusions to which no
25 answer is required.  To the extent an answer is deemed to be required to these allegations in
26 Paragraphs 1 through 11, Defendant denies the allegations.
27 ///
28 ///

**ANSWER**
2

## V.

## **TITLE DOCUMENTS AT ISSUE**

Answering Paragraphs 12 through 40, under the heading "Title Documents at Issue," Defendant states that it is without sufficient knowledge to form a belief as to the truth of the allegations. Defendant further states the aforementioned paragraphs contain legal conclusions to which no answer is required. Defendant further states the allegations refer to publicly recorded documents that speak for themselves and no response is required.  To the extent an answer is deemed to be required to these allegations in Paragraphs 12 through 40, Defendant denies the allegations.

## VI.

## **FACTUAL CONTRACT BACKGROUND**

Answering Paragraphs 41 through 42, under the heading "Factual Contract Background," Defendant states that it is without sufficient knowledge to form a belief as to the truth of the allegations. Defendant further states the aforementioned paragraphs contain legal conclusions to which no answer is required. Defendant further states that to the extent the allegations refer to publicly recorded documents, the documents speak for themselves and no response is required. To the extent an answer is deemed to be required to these allegations in Paragraphs 41 through 42, Defendant denies the allegations.

## VII.

## **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

Answering Paragraphs 43 through 56, under the heading "First Cause of Action: Breach of Contract," Defendant states that it is the duly authorized substituted trustee under the subject deed of trust and denies all allegations that deny its status as the substituted trustee. Regarding the remaining allegations in these paragraphs, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations.  Defendant further states the aforementioned paragraphs contain legal conclusions to which no answer is required. Defendant further states that to the extent the allegations refer to publicly recorded documents, the documents speak for

1  themselves and no response is required.   To the extent an answer is deemed to be required to
2  these allegations in Paragraphs 43 through 56, Defendant denies the allegations.

### SECOND CAUSE OF ACTION: VIOLATION OF
### THE FAIR CREDIT REPORTING ACT (AGAINST OCWEN EXCLUSIVELY)

Answering Paragraphs 57 through 66, under the heading "Second Cause of Action: Violation of the Fair Credit Reporting Act (Against Ocwen Exclusively)," Defendant states it is without sufficient knowledge to form a belief as to the truth of the allegations.  Defendant further states the aforementioned paragraphs contain legal conclusions to which no answer is required. Defendant further states that to the extent the allegations refer to publicly recorded documents, the documents speak for themselves and no response is required.   To the extent an answer is deemed to be required to these allegations in Paragraphs 57 through 66, Defendant denies the allegations.

### THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA
### HOMEOWNER BILL OF RIGHTS CALIFORNIA CIVIL CODE § 2924.17

Answering Paragraphs 67 through 87, under the heading "Third Cause of Action: Violation of California Homeowner Bill of Rights California Civil Code § 2924.17," Defendant states that it is the duly authorized substituted trustee under the subject deed of trust and denies all allegations that deny its status as the substituted trustee.  Regarding the remaining allegations in these paragraphs, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations.  Defendant further states the aforementioned paragraphs contain legal conclusions to which no answer is required. Defendant further states that to the extent the allegations refer to publicly recorded documents, the documents speak for themselves and no response is required.   To the extent an answer is deemed to be required to these allegations in Paragraphs 67 through 87, Defendant denies the allegations.

### FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

Answering Paragraphs 88 through 97, under the heading "Fourth Cause of Action: Negligent Misrepresentation," Defendant states that it is without sufficient knowledge to form a belief as to the truth of the allegations.  Defendant further states the aforementioned paragraphs

contain legal conclusions to which no answer is required. Defendant further states that to the extent the allegations refer to publicly recorded documents, the documents speak for themselves and no response is required.  To the extent an answer is deemed to be required to these allegations in Paragraphs 88 through 97, Defendant denies the allegations.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Plaintiff's claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (PRIVILEGE)

Plaintiff's claims are barred because the conduct complained of in the complaint was privileged.

### FIFTH AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO TENDER)

Plaintiff has not and cannot tender the full amount due and owing on the subject loan. Plaintiff cannot challenge foreclosure without tendering the amount owed.

### SEVENTH AFFIRMATIVE DEFENSE
### (CONFORMANCE WITH CONTRACTS AND LAW)

Any and all conduct or activity by Defendant alleged in Plaintiff's complaint conformed to any and all applicable contracts, statutes, codes, and regulations at all times relevant herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (STATUTE OF FRAUDS)

Plaintiff's claims are barred by the statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Plaintiff's claims are barred by the clean hands doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (ACTS OF THIRD PARTIES)

Defendant is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of Defendant and Defendant is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

## ELEVENTH AFFIRMATIVE DEFENSE

### (STATUTORY IMMUNITY)

Defendant was acting at all times herein as trustee under the subject deed of trust, performed its duties in good faith, and is thus immune from liability pursuant to California Civil Code section 2924.

## TWELFTH AFFIRMATIVE DEFENSE

### (UNSTATED AFFIRMATIVE DEFENSES)

Defendant alleges that at this time it has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery and/or further investigation indicate as appropriate.

## PRAYER

**WHEREFORE,** Defendant requests entry of judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That judgment be entered in favor of Defendant;
3. For an award of Defendant's reasonable attorneys' fees and costs incurred in defending this action as a matter of contract and/or law;

1     4.     For costs of suit; and

2     5.     For such other and further relief as the Court may deem just and proper.

Dated: August 7, 2015                  HOUSER & ALLISON, APC

                                           s/ John P. Ward
                                           John P. Ward
                                           Attorneys for Defendant,
                                           Western Progressive Trustee, LLC dba
                                           Western Progressive, LLC

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On August 7, 2015 I served the following document(s) described as follows:

**WESTERN PROGRESSIVE TRUSTEE, LLC DBA WESTERN PROGRESSIVE, LLC'S ANSWER TO COMPLAINT**

On the following interested parties in this action:

Charles T. Marshall, Esq.
415 Laurel Street, Suite 405
San Diego, CA 92101
P: (619) 807-2628
F: (866) 575-7413
cmarshall@marshallestatelaw.com
*Attorney for Plaintiff*

☒ <u>E-FILING</u>—By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on August 7, 2015 at Irvine, California.

_____
Courtney Hershey

---

**ANSWER**
8